UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID DUTRA,

         Petitioner,

   v.

DEPARTMENT OF CORRECTIONS AND REHABILITATION and ANTHONY KANE, Warden,

         Respondents.

No. C 06-0323 MHP

**MEMORANDUM & ORDER**
**Re: Motion to Dismiss**

    Petitioner David Dutra, a California prisoner now incarcerated at the Correctional Training Facility in Soledad, California, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents' motion to dismiss the petition is now before the court pursuant to Federal Rule Civil Procedure 12(b)(6).

BACKGROUND[1]

    In 1985 petitioner was sentenced to fifteen years to life for second degree murder. Resp'ts' Mot. at 2. During petitioner's subsequent incarceration, he has received no disciplinary violations save the CDC-115 ("115") violation at issue here.

    For sixteen years, petitioner was an active volunteer for the Catholic Chapel Program. In 2000 Father R. Francis Stevenson replaced the outgoing priest as the full-time Catholic Chaplain. Shortly thereafter, Father Stevenson allegedly adopted a less orthodox approach to services.

Petitioner claims that changes initiated by Father Stevenson induced petitioner and at least one hundred other inmates to withdraw from the program over the first eight months of Father Stevenson's tenure.

Petitioner contends that he was placed in administrative segregation and investigated for both conspiring to undermine the Catholic Chapel Program and threatening Father Stevenson in retaliation for withdrawing from the program. In preparation for his disciplinary hearing, petitioner was provided the assistance of an "investigative employee" by the prison administration. The investigative employee was assigned to assist in petitioner's defense preparation by interviewing prospective witnesses and obtaining relevant documents. Petitioner argues that the investigative employee's performance was deficient. The investigative employee allegedly did not obtain proper documents or investigate crucial facts, created false and defective reports, and failed to interview key witnesses. Additionally, petitioner contends that he was not permitted to interview witnesses to his supposed disciplinary violations, nor was he permitted to call any witnesses to support his position.

LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim, and not the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss under Rule 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Dismissal can be based on the lack of a cognizable

legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

DISCUSSION

Respondents assert that petitioner fails to allege a cognizable claim for which habeas relief may be granted. Specifically, respondents argue that expunging petitioner's 115 disciplinary violation is unlikely to affect the duration of petitioner's confinement. They ask that the petition be summarily dismissed. Petitioner disagrees, relying on transcripts of hearings conducted by the Board of Parole Hearings where 115 violations impaired petitioner's and another inmate's chances of parole. See Exh.'s Q, R & S.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028–29 (9th Cir. 2004). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner alleges that his disciplinary violation was determined in a manner violative of his right to due process. Petitioner further alleges that this blemish on his record will likely lengthen the

1 duration of his incarceration, being detrimental to his eligibility for parole.  Viewing the facts
2 petitioner offers to support these allegations in the light most favorable to him, the court recognizes
3 petitioner's cognizable claim for habeas relief.  Accordingly, respondents' motion to dismiss is
4 denied.

5     Finally, respondents' reply to petitioner's opposition to the motion in question was filed
6 without leave from the court.  This being the case, the court sustains petitioner's objection to that
7 reply and considers neither it nor petitioner's subsequently filed reply in ruling as follows.

## CONCLUSION

10     For the foregoing reasons, respondents' motion to dismiss is DENIED.  The parties shall
11 appear before the court for a Status Conference for further scheduling on April 30, 2007, at
12 3:00p.m.and shall file a joint Status Conference Statement on or before April 23, 2007, setting forth
13 a proposed schedule for this case.

15     IT IS SO ORDERED.

18 Dated: April 2, 2007

                                  MARILYN HALL PATEL
                                  District Judge
                                  United States District Court
                                  Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

4

**ENDNOTE**

1. Unless otherwise indicated, all facts are taken from plaintiff's complaint and memorandum in support thereof.